

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

June 3, 2013

**VIA EFILING & HAND DELIVERY**
The Honorable Sue L. Robinson
USDC for the District of Delaware
844 King Street
Wilmington, Delaware 19801

> Re:   **Takeda Pharmaceuticals USA Inc. v. Amneal Pharmaceuticals LLC**
> **C.A. No. 13-493-SLR**

Your Honor:

During the teleconference on May 22nd the Court requested Amneal to identify overlap between Par and Amneal cases (Takeda Pharmaceuticals U.S.A., Inc. v. Par Pharmaceutical, Inc., C.A. No. 12-419 SLR and Takeda Pharmaceuticals U.S.A., Inc. v. Amneal Pharmaceuticals, LLC, C.A. No. 13-493 – SLR). The attached charts illustrate that overlap.

Respectfully,

*/s/Mary B. Matterer*

Mary B. Matterer (#2696)

MBM/tah
Encl.

cc:   All Counsel of Record (via email)

2090386

**<u>Exhibit A</u>**

**Issue Overlap Between**

***Takeda v. Par* (12-419-SLR)**

**and**

***Takeda v. Amneal* (13-493-SLR)**

Page

I. The 10 Patents-In-Suit Are Identical: Takeda's Allegations of Infringement Against Par and
Amneal Are Essentially Identical ………………………………………………………………………………..   2

II. Both Par and Amneal Have Raised Substantially Identical Affirmative Defenses of Invalidity for
all 10 of the Patents-In-Suit…………………………………………………………………………………………….   5

III. Par and Amneal Have Raised Substantially Identical Counterclaims ………………………………………   11

IV. Par and Amneal Are Identically Positioned For All Discovery Purposes in Relation to Newly
Orange Book Listed, and Soon-to-be-in-Suit U.S. Patent Nos. 8,415,395 and  8,415,396…………..   16

V. Par and Amneal Are Identically Positioned For All Discovery Purposes in Relation to Newly
Granted, and Soon-to-be-in-Suit  U.S. Patent Nos. 8,440,721, 8,440,722, and 8,445,541 ………..   16

I.      **Takeda's Allegations of Infringement Against Par and Amneal Are Substantially Identical**

| | Par | Amneal |
|---|---|---|
| COUNT I: Infringement of the '004 [7,619,004] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '004 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding'S '004 Patent." (Etc.) | "Amneal has committed an act of infringement of the '004 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '004 Patent. " (Etc.) |
| COUNT II: Infringement of the '758 [7,601,758] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '758 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271 (e )(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '758 Patent." (Etc.) | "Amneal has committed an act of infringement of the '758 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '758 Patent." (Etc.) |
| COUNT III: Infringement of the '681 [7,820,681] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '681 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '681 Patent." (Etc.) | "Amneal has committed an act of infringement of the '681 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '681 Patent." (Etc.) |

|  | Par | Amneal |
|---|---|---|
| COUNT IV: Infringement of the '269 [7,915,269] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '269 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding'S '269 Patent." (Etc.) | "Amneal has committed an act of infringement of the '269 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271(e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '269 Patent." (Etc." |
| COUNT V: Infringement of the '647 [7,964,647] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '647 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '647 Patent." (Etc.) | "Amneal has committed an act of infringement of the '647 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '647 Patent." (Etc.) |
| COUNT VI: Infringement of the '648 [7,964,648] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '648 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '648 Patent." (Etc.) | "Amneal has committed an act of infringement of the '648 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal' s generic copy of COLCRYS® prior to expiration of Takeda's '648 Patent." (Etc.) |

|  | Par | Amneal |
|---|---|---|
| COUNT VII: Infringement of the '938 [7,981,938] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '938 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '938 Patent." (Etc.) | "Amneal has committed an act of infringement of the '938 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271(e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '938 Patent." (Etc.) |
| COUNT VIII: Infringement of the '296 [8,093,296] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '296 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '296 Patent." (Etc.) | "Amneal has committed an act of infringement of the '296 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '296 Patent." (Etc.) |
| COUNT IX: Infringement of the '297 [8,093,297] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '297 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '297 Patent." (Etc.) | "Amneal has committed an act of infringement of the '297 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '297 Patent." (Etc.) |

|  | Par | Amneal |
|---|---|---|
| COUNT X: Infringement of the '655 [8,097,655] Patent Under 35 U.S.C. § 271 | "Par has committed an act of infringement of the '655 Patent that creates a justiciable case or controversy between AR Holding and Par. Pursuant to 35 U.S.C. § 271(e)(2)(A), Par committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Par's generic copy of COLCRYS® prior to expiration of AR Holding's '655 Patent." (Etc.) | "Amneal has committed an act of infringement of the '655 Patent that creates a justiciable case or controversy between Takeda and Amneal. Pursuant to 35 U.S.C. § 271 (e)(2)(A), Amneal committed an act of infringement by submitting an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Amneal's generic copy of COLCRYS® prior to expiration of Takeda's '655 Patent." (Etc.) |
| EXCEPTIONAL CASE | "Par had no basis to submit its ANDA and Paragraph IV Certification. Par's actions render this an exceptional case under 35 U.S.C. § 285." | "Amneal had no good faith basis to submit its ANDA and Paragraph IV Certification, in light of the Takeda Patents. Amneal's actions render this an exceptional case under 35 U.S.C. § 285." |

## II.    Par and Amneal Have Raised Substantially Identical Affirmative Defenses

|  | Par | Amneal |
|---|---|---|
| *Invalidity* | *First Separate Defense* | *Second Affirmative Defense* |
| Invalidity of '004 Patent | "The claims of the '004 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '004 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '758 Patent | "The claims of the '758 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '758 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '681 Patent | "The claims of the '681 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '681 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |

| | Par | Amneal |
|---|---|---|
| Invalidity of '269 Patent | "The claims of the '269 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '269 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '647 Patent | "The claims of the '647 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '647 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '648 Patent | "The claims of the '648 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '648 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '938 Patent | "The claims of the '938 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '938 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '296 Patent | "The claims of the '296 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '296 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| Invalidity of '297 Patent | "The claims of the '297 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '297 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |

| | Par | Amneal |
|---|---|---|
| Invalidity of '655 Patent | "The claims of the '655 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code." | "Each and every claim of the '655 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| *Non-infringement* | *Second Separate Defense* | *First Affirmative Defense* |
| Non-infringement of '004 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '004 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '004 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '758 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '758 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '758 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '681 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '681 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '681 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '269 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '269 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '269 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |

|  | Par | Amneal |
|---|---|---|
| Non-infringement of '647 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '647 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '647 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '648 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '648 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '648 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '938 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '938 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '938 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '296 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '296 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '296 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| Non-infringement of '297 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '297 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '297 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |

|  | Par | Amneal |
|---|---|---|
| Non-infringement of '655 Patent | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '655 patent." | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '655 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| *Prosecution History Estoppel* | *Third Separate Defense* | *(Not Pled)* |
| Prosecution History Estoppel of '004 Patent | "AR Holding is estopped from asserting any scope of the '004 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '758 Patent | "AR Holding is estopped from asserting any scope of the '758 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '681 Patent | "AR Holding is estopped from asserting any scope of the '681 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '269 Patent | "AR Holding is estopped from asserting any scope of the '269 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '647 Patent | "AR Holding is estopped from asserting any scope of the '647 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |

|  | Par | Amneal |
|---|---|---|
| Prosecution History Estoppel of '648 Patent | "AR Holding is estopped from asserting any scope of the '648 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '938 Patent | "AR Holding is estopped from asserting any scope of the '938 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '296 Patent | "AR Holding is estopped from asserting any scope of the '296 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '297 Patent | "AR Holding is estopped from asserting any scope of the '297 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |
| Prosecution History Estoppel of '655 Patent | "AR Holding is estopped from asserting any scope of the '655 patent that would cover Par's Product because of statements made during the prosecution of the applications leading to the issuance of the '004 patent." | N/A |

### III.     Par and Amneal Have Raised Substantially Identical Counterclaims

| | Par | Amneal |
|---|---|---|
| *Declaratory Judgment of Invalidity of the Patents-in-Suit* | *Count I* | *Second Counterclaim* |
| | "The claims of the '004 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '004 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| | "The claims of the '758 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '758 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| | "The claims of the '681 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '681 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| | "The claims of the '269 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '269 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| | "The claims of the '647 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '647 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| | "The claims of the '648 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '648 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |

|  | Par | Amneal |
|---|---|---|
|  | "The claims of the '938 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '938 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
|  | "The claims of the '296 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '296 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
|  | "The claims of the '297 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '297 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
|  | "The claims of the '655 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 et seq." | "Each and every claim of the '655 patent is invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." |
| *Declaratory Judgment of Non-infringement of the Patents-in-Suit* | *Count II* | *First Counterclaim* |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '004 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '004 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |

|  | Par | Amneal |
|---|---|---|
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '758 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '758 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '681 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '681 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '269 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '269 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '647 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '647 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |

|  | Par | Amneal |
|---|---|---|
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '648 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '648 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '938 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '938 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '296 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '296 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '297 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '297 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |

|  | Par | Amneal |
|---|---|---|
|  | "The manufacture, use, sale, offer for sale, and/or importation into the United States of Par's Product does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '655 patent." (Same averment for non-infringement under the doctrine of equivalents) | "Amneal has not infringed, does not currently infringe, and will not infringe any valid and enforceable claim of the '655 patent directly, indirectly, by inducement, contributorily, literally or under the doctrine of equivalents, or in any other manner." |
| *Delisting of the Patents-in-Suit* | *(Not Pled)* | *Third Counterclaim* |
|  | N/A | "The listing of the '004 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '758 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '681 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '269 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '647 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '648 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
|  | N/A | "The listing of the '938 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |

| | Par | Amneal |
|---|---|---|
| | N/A | "The listing of the '296 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
| | N/A | "The listing of the '297 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |
| | N/A | "The listing of the '655 patent in the Orange Book for COLCRYS® should be immediately deleted under 21 U.S.C. § 355(j)(5)(c)(ii)(I)." |

## IV.    Par and Amneal Are Identically Positioned for All Discovery Purposes in Relation to Soon-to-be-in-Suit U.S. Patent Nos. 8,415,395 and 8,415,396

Pursuant to 21 C.F.R. § 314.53, Takeda recently listed U.S. Patent Nos. 8,415,395 and 8,415,396 ("the '395 and '396 patents") in the Orange Book, amending their patent and exclusivity information for Colcrys®.  The '395 and '396 patents list an additional new inventor, Hengsheng Feng.  As required by statute/regulation, Amneal sent a supplemental Notice Letter to Takeda on May 31, 2013, indicating non-infringement and/or invalidity of the '395 and '396 patents.  Takeda formally received the Notice Letter on June 3, 2013.  By statutory/regulatory requirement, Takeda must now bring suit on the '395 and '396 patents by approximately July 18, 2013, or such patents are statutorily subject to declaratory judgment challenge by Amneal thereafter.   Additionally, as presently informed by Takeda, Par has agreed not to oppose a Takeda motion to amend its complaint to add the '395 and '396 patents to the Par case in due course.

It is anticipated that Par has or will certify to the '395 and '396 patents: therefore, it is expected that the two newly listed '395 and '396 patents will become part of not only the Amneal case, but also the Par case as well.

At this point in time, Par and Amneal will be identically positioned relative to these two new patents for all discovery purposes.

## V.    Par and Amneal Are Identically Positioned for All Discovery Purposes in Relation to Soon-to-be-in-Suit U.S. Patent Nos. 8,440,721, 8,440,722, and 8,445,541

U.S. Patent Nos. 8,440,721, 8,440,722, and 8,445,541 ("the '721, '722 and '541 patents") recently issued to Takeda, related to colchicine.  Both the '721 and '722 patents issued on May 14, 2013: based on FDA regulatory requirements, these patents must be listed in the Orange Book on or before June 13, 2013.  The third recently issued patent, the '541 patent, issued on May 21, 2013, and therefore must be listed in the Orange Book on or before June 20, 2013.

As required by statute/regulation, Amneal anticipates that it will provide a supplemental Notice Letter to Takeda in the next few weeks upon Orange Book listing of the '721, '722 and '541 patents.  By statutory/regulatory requirement, Takeda will in due course be required to bring suit on the '721, '722 and '541 patents, or such patents will become statutorily subject to declaratory judgment challenge by Amneal thereafter.   Based on statutory/regulatory requirements, it is anticipated that Par will also certify to the '721, '722 and/or '541 patents in due course.

It is therefore expected that the three newly granted '721, '722 and '541 patents will not only become part of the Amneal case in several weeks, but also the Par case as well in the very near future.

At this point in the next few weeks, Par and Amneal will be identically positioned relative to these three new patents for all discovery purposes.

**<u>Exhibit B</u>**

**Administrative Overlap Between**

***Takeda v. Par*** **(12-419-SLR)**

**and**

***Takeda v. Amneal*** **(13-493-SLR)**

**Par and Amneal Are Essentially Identically Positioned in Relation to the Majority of Current Case Milestones**

 (X indicates action not yet taken)

| Action | Par | Amneal |
|---|---|---|
| Original Complaint & Answer and CCs (10 original patents) | | |
| Protective Order | | |
| ESI Agreement | | * |
| Settlement Conference | | X |
| Fact Discovery relating to Original Complaint | | |
|     Initial Disclosures | | ** |
|     Document Requests/Responses and Objections/Production/Review | | X |
|     Interrogatories/Responses and Objections | | X |
|     Depositions | | |
|         Inventors | X | X |
|         30(b)(6) | X | X |
|         Other Party Witnesses | X | X |
|         3rd Party Witnesses | X | X |
| Claim Construction | | |
|     Identification of Terms/Proposed Construction | | X |
|     Joint claim construction chart | X | X |
|     Opening claim construction brief | X | X |
|     Responsive claim construction brief | X | X |
|     Reply claim construction brief | X | X |
|     Surreply claim construction brief | X | X |
| Amended Complaint & Answer and CCs adding 2 newly listed patents | X | X |
| Fact Discovery relating to Amended Complaint/ 2 newly listed patents | | |
|     Document Requests/Responses and Objections/Production/Review | X | X |
|     Interrogatories/Responses and Objections | X | X |
|     Depositions | | |
|         Inventors | X | X |
|         30(b)(6) | X | X |
|         Other Party Witnesses | X | X |
|         3rd Party Witnesses | X | X |
| Amended Complaint & Answer and CCs adding 3 newly issued (once listed) patents | X | X |
| Fact Discovery relating to Amended Complaint/ 3 newly issued patents | | |
|     Document Requests/Responses and Objections/Production/Review | X | X |
|     Interrogatories/Responses and Objections | X | X |

| Action | Par | Amneal |
|---|:---:|:---:|
| Depositions | | |
|     Inventors | X | X |
|     30(b)(6) | X | X |
|     Other Party Witnesses | X | X |
|     3rd Party Witnesses | X | X |
| Expert Discovery | | |
|     Opening expert reports | X | X |
|     Rebuttal expert reports | X | X |
|     Reply expert reports | X | X |
|     Expert Depositions | X | X |
| Pretrial Briefing | | |
|     Summary judgment motions | X | X |
|     Opposition summary judgment motions | X | X |
|     Reply summary judgment motions | X | X |
|     Daubert motions | X | X |
|     Opposition Daubert motions | X | X |
|     Reply Daubert motions | X | X |
| Pretrial Order | X | X |
| Pretrial Conference | X | X |
| Markman Hearing | X | X |
| Trial | X | X |

*Amneal has provided initial and is currently providing supplemental Rule 26 disclosures to Takeda.  To date, Amneal has received no Rule 26 disclosures from Takeda, including those that have already been made in the Par case.

**Amneal has made an initial round of paper copy production and is currently making an additional round of paper copy document production to Takeda, without waiting for receipt of formal document requests.  To date, Amneal has received no documents from Takeda, including those that have already been produced in the Par case.